UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARSHALL G. HILES,

    Plaintiff

  v.           C-1-12-673

ARMY REVIEW BOARD AGENCY, et al.,

    Defendants

## ORDER

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 38), plaintiff's objections (doc. no. 41), defendants' response (doc. no. 42) and plaintiff's reply (doc. no. 43). A hearing on the Report and Recommendation and objections was held October 16, 2013. Also before the Court is the plaintiff's Post Hearing Brief (doc. no. 52), defendants' response (doc. no. 53) and plaintiff's reply (doc. no. 55).

Plaintiff Marshall G. Hiles, proceeding pro se, brings this action individually and on behalf of the estate and heirs of his father, Charles D. Hiles, deceased (hereafter "Hiles"), against a number of federal

agencies and departments.  Plaintiff names as defendants the Army Review Board Agency (ARBA), the Army Board of Corrections of Military Records (ABCMR), the Veterans Administration (VA), the United States Army (Army), the Department of Defense (DOD) and the Department of Veterans Affairs (DVA).  Plaintiff's Complaint sets forth six claims for relief and supporting allegations, exhibits, and arguments.

In his first claim, plaintiff requests the Court to review the ABCMR decisions failing to correct Hiles' military records to reflect the full extent of the injuries Hiles suffered at the Battle of Peleliu in 1944.

Plaintiff's second claim is for Veteran's benefits from 1948 to 2006.

Plaintiff's third and fourth claims are against the Army and DOD for fraud and damages in the amount of $3,000,000.  Plaintiff's fifth claim is against the VA for fraud, fraudulent concealment and monetary damages in the amount of $2,732,000 owed for back VA benefits and expenses incurred over the years and $300,000 to compensate plaintiff for his services.

Plaintiff's sixth claim requests an Order directing the DVA to overhaul the entire VA claims and appeal system and to impose a deadline for doing so.

The matter is before the Court on plaintiff's objections to the Report and Recommendation of the Magistrate Judge granting defendants' Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction over the subject matter of the Complaint (doc. no. 15) and the recommendation the case be dismissed and terminated on the docket of this Court.

Plaintiff further requests the Court reverse the Magistrate Judge's Orders denying plaintiff's Motion to Admit and Extend (doc. no. 21), Motion to Stay and Extend (doc. no. 22), plaintiff's Motion for Oral Argument, Request for Hearing, Personal Appeal (doc. no 32), and plaintiff's Motion to Admit Legal Evidence and Addendum that Supports All Claims (doc. no. 33).

Pursuant to its obligation to conduct a *de novo* review of the Report and Recommendation in light of the objections, the Court held a hearing on October 16, 2013 at which the plaintiff and counsel for

3

defendants appeared and oral arguments were presented. Pursuant to the record established at the hearing, the Court granted most of plaintiff's requests made in his motions. Any further comment on plaintiff's motions and plaintiff's objections to the Orders of the Magistrate Judge denying the motions is unnecessary.

This lawsuit arises out of injuries Hiles sustained in World War II during the 1944 Battle of Peleliu and the ongoing efforts by Hiles and plaintiff to obtain fair disability ratings and just compensation for those injuries, as well as plaintiff's efforts to correct military records generated during Hiles' military service to accurately reflect the cause and extent of Hiles' injuries (doc. no 6). Those efforts began after Hiles' 1946 honorable discharge when he made his initial claim for VA benefits in 1948, and plaintiff has continued those efforts beyond Hiles' death in 2007.

Plaintiff brings his first claim for relief against the ARBA and the ABCMR (doc. no. 6 at 424). Page references are to the ECF page identification number. In support of this claim, plaintiff alleges the Army falsely and fraudulently recorded Hiles' head injuries received

during the Battle of Peleliu in 1944, their cause, and when given his discharge exam, fraudulently and falsely recorded on January 6, 1946, that "everything was normal," including Hiles' "mental status." (*Id*. at 425, 439). Plaintiff alleges that as a result of the Army's fraudulent records, Hiles never received from the VA the proper health care he required and the financial benefits to which he was entitled. (*Id*.). Plaintiff requests the Court order the ABCMR to correct Hiles' military records to reflect the full extent of the injuries Hiles suffered at the Battle of Peleliu in 1944, particularly his head injuries.

The issue before the Court presented by plaintiff's objections to the dismissal of his first claim is whether this Court has subject matter jurisdiction to review the July 25, 2012 decision by the ABCMR (doc. 52-1, pg. 260 of 306) (Page ID #1489), the denial of reconsideration of the October 26, 2012 (doc. 52-1, pg. 276 of 306) (Page ID #1505) and the no action letter of December 31, 2012 (doc. 22-1, pg. 1 of 2) (Page ID #926).

*Piersall v. Winter*, 435 F.3d 319, 321 (2006) advises:

> **[1]** On appeal Piersall argues the district court erroneously dismissed his case for lack of jurisdiction and urges us to reach the merits of his challenge to the Board's decision. We review *de novo* the district court's grant of a motion to dismiss for lack of subject matter jurisdiction. *See Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC,* 148 F.3d 1080, 1085 (1998). We begin with jurisdiction and conclude that Piersall's claims are justiciable, but we do not reach the merits of his claims.
>
> A. Jurisdiction
>
> These are not uncharted waters. We have many times reviewed the decisions of boards for correction of military records "in light of familiar principles of administrative law." *See, e.g., Kreis v. Sec'y of the Air Force,* 866 F.2d 1508, 1511 (1989); *see also* **210 *322 *Turner v. Dep't of Navy,* 325 F.3d 310, 313–14 (2003); *Musengo v. White,* 286 F.3d 535, 538 (2002); *Cone v. Caldera,* 223 F.3d 789, 793 (2000); *Frizelle v. Slater,* 111 F.3d 172, 176 (1997); *Dickson v. Sec'y of Def.,* 68 F.3d 1396, 1400 (1995); *Kidwell v. Dep't of the Army,* 56 F.3d 279, 286 (1995). In doing so we were following the lead of the Supreme Court. *See Kreis,* 866 F.2d at 1512, in which we relied upon *Chappell v. Wallace,* 462 U.S. 296, 303–04, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983) (indicating decisions of the BCNR are "subject to judicial review and can be set aside if they are arbitrary, capricious, or not based on substantial evidence").

>    In *Kreis* we also acknowledged the "fundamental and highly salutary principle" that "[j]udges are not given the task of running the [military]." 866 F.2d at 1511 (quoting *Orloff v. Willoughby,* 345 U.S. 83, 93, 73 S.Ct. 534, 97 L.Ed. 842 (1953)); *see also Gilligan v. Morgan,* 413 U.S. 1, 10, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973). In light of that principle, we held nonjusticiable a serviceman's claim for retroactive promotion. We held justiciable, however, the serviceman's "more modest request" to review "the reasonableness" of the decision of a military board of correction pursuant to the standards of the APA. *Kreis,* 866 F.2d at 1511. Review of that decision would not interfere unduly with military matters because "[a]djudication of [such] claims requires the district court to determine only whether the Secretary's decision making process was deficient, not whether his decision was correct." *Id.* In other words, such review would not require the district court to substitute its judgment for that of the Secretary .... The court would only require the Secretary, on remand, to explain more fully the reasoning behind his decision and, with respect to his denial of a retroactive promotion, to apply the appropriate legal standard.
>
> *Id.* At 1512.

**Pursuant to *Piersall*, the Report and Recommendation of the Magistrate Judge is modified.  This Court has subject matter jurisdiction to review the decisions of the ABCMR pursuant to the standards of the APA.  Count I is not dismissed at this time.  The Report and Recommendation is modified.**

**Upon *de novo* of plaintiff's objections to the Magistrate Judge's Report and Recommendation dismissing his second claim for veteran benefits, his third and fourth claim for damages, his fifth claim for expenses and damages and sixth claim to mandamus the DVA because the Court lacks subject matter jurisdiction, the Court finds his objections have either been adequately addressed and properly disposed of by the Magistrate Judge or present no particularized arguments that warrant specific responses by this Court.  The Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Magistrate Judge.**

**Accordingly, the Court hereby ADOPTS AND INCORPORATES BY REFERENCE HEREIN the Report and Recommendation of the United States Magistrate Judge (doc. no. 38) AS MODIFIED. Defendants' Motion to Dismiss (doc. no. 15) is GRANTED as to plaintiff's second, third, fourth, fifth and sixth claims against defendants. Defendants' Motion to Dismiss (doc. no. 15) is DENIED with respect to plaintiff's first claim. Additionally, plaintiff's Motion to Admit New Evidence (doc. no. 58) is DENIED because, pursuant to the foregoing, the Court lacks subject matter jurisdiction over claims two and six. The alleged new evidence is accepted as a proffer to the record by plaintiff, to which defendants object.**

## CONCLUSION

Plaintiff's Second, Third, Fourth, Fifth and Sixth claims are DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction. Plaintiff's First claim is RECOMMITTED to the United State Magistrate for further proceedings according to the principles of administrative law.

IT IS SO ORDERED.

s/Herman J. Weber<br>
**Herman J. Weber, Senior Judge**<br>
**United States District Court**