UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARSHALL G. HILES,
      Plaintiff,

vs.

ARMY REVIEW BOARD
AGENCY, et al.,
      Defendants.

Case No. 1:12-cv-673
Weber, J.
Litkovitz, M.J.

**ORDER**

    This matter is before the Court on plaintiff's motion to strike defendant's affirmative defenses (Doc. 74), defendant Army Review Board Agency's (ARBA) memorandum in opposition to the motion to strike (Doc. 76), and plaintiff's reply memorandum in support of the motion (Doc. 77).

**I. Introduction**

    Plaintiff originally filed the complaint in this matter on September 26, 2012, alleging six claims for relief against several defendants, including ARBA. (Doc. 6). On September 16, 2014, the district judge issued an Order granting defendants' motion to dismiss all claims with the exception of plaintiff's first claim for relief.[1] (Doc. 67). The Court denied the motion as to plaintiff's claim requesting that the Court review decisions of the Army Board of Corrections of Military Records (ABCMR), which purportedly failed to correct the military records of plaintiff's deceased father so as to reflect the full extent of injuries he suffered in 1944 during World War II. (Id.). The Court determined that it has subject matter jurisdiction to review the decisions of the ABCMR under the standards of the Administrative Procedures Act. (Id.).

---

[1] The Order modified a Report and Recommendation issued by the undersigned on March 25, 2013. (Doc. 38).

After the Court issued its ruling on the motion to dismiss, defendant ARBA filed an answer to the complaint. (Doc. 71). Defendant raised two affirmative defenses in the answer: first, that administrative decisions challenged by plaintiff were not arbitrary, capricious or contrary to law; and second, defendant reserved the right to amend its answer to include additional defenses that may become apparent during the course of the litigation and to raise any other matter constituting an avoidance or affirmative defense.

Plaintiff moves the Court to strike the two affirmative defenses pursuant to Fed. R. Civ. P. 12(f). (Doc. 74). Plaintiff argues that it is "widely accepted" among courts in this district that the *Twombly-Iqbal* pleading standard applies to affirmative defenses.[2] Plaintiff contends that ARBA's affirmative defenses do not satisfy this standard. Plaintiff alleges that the answer provides no factual allegations to support defendant's contention that its actions were not arbitrary, capricious or contrary to law. Plaintiff alleges that defendant's second affirmative defense must be stricken because it is not a defense. In response, defendant argues that the Sixth Circuit has not expressly held that the *Twombly-Iqbal* pleading standard applies to affirmative defenses, and courts in the Sixth Circuit are split on this issue. (Doc. 76). Defendant further alleges that its first affirmative defense and the accompanying discussion in its answer give plaintiff fair notice of the defense, and the reservation of the right to amend presented as the second affirmative defense has been recognized as a valid affirmative defense in other cases.

## II.  Applicable law

Rule 12(f) provides that on motion made by a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). Striking a pleading is a drastic remedy, and motions to strike

---

[2] Under this standard, the complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).

are therefore generally viewed with disfavor and are rarely granted. *Brown & Williamson Tobacco Corp. v. U.S.,* 201 F.2d 819, 822 (6th Cir. 1953); *Morrow v. South,* 540 F. Supp. 1104, 1111 (S.D. Ohio 1982) (Rule 12(f) motions "are not favored, and should not be granted unless it is apparent that the matter has no possible relation to the controversy.").

The Sixth Circuit Court of Appeals has never expressly held that the heightened pleading standards set forth in *Iqbal* and *Twombly* apply to affirmative defenses. *Peters v. Credit Protection Ass'n, LP,* No. 2:13-cv-767, 2014 WL 1049913 (S.D. Ohio Mar. 14, 2014) (Kemp, M.J.) (citing *Shreve v. Franklin County, Ohio*, Nos. 2:10-cv-644, *et al.*, 2012 WL 1580936, at *1 (S.D. Ohio May 4, 2012) (Sargus, J.)); *Malibu Media v. Doe*, No. 13-11432, 2014 WL 2616902, at *2 (E.D. Mich. June 12, 2014) (Drain, J.). District courts within the Sixth Circuit and judges within this district have reached different resolutions of the issue. A number of judges have issued decisions finding that the *Twombly-Iqbal* pleading standard applies to affirmative defenses. *Edizer v. Muskingum Univ.*, No. 2:11-cv-799, 2012 WL 4499030, at *11 (S.D. Ohio Sept. 28, 2012) (Marbley, J.); *Nixson v. Health Alliance,* No. 1:10-cv-00338, 2010 WL 5230867, at *1-2 (S.D. Ohio Dec.16, 2010) (Spiegel, J.); *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp.2d 687, 691 (N.D. Ohio 2010) (Zouhary, J.). Other judges in this circuit have declined to apply the heightened pleading standard to defenses. *See Sprint Solutions, Inc. v. Shoukry*, No. 2:14-cv-00127, 2014 WL 5469877, at *2 (S.D. Ohio Oct. 28, 2014) (Sargus, J.); *Peters,* No. 2:13-cv-767, 2014 WL 1049913 (Kemp, M.J.); *Joe Hand Promotions, Inc. v. Havens,* No. 2:13-cv-0093, 2013 WL 3876176, at *2 (S.D. Ohio Jul. 26, 2013) (King, M.J.); *Malibu Media,* No. 13-11432, 2014 WL 2616902, at *2 (Drain, J.); *Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc.*, No. 3:09-cv-01098, 2011 WL 4729807, at *4 (M.D. Tenn. Oct. 7, 2011) (Nixon, J.).

3

### III. The motion to strike is denied.

Plaintiff's motion to strike ARBA's affirmative defenses is not well-taken.  Upon review of the applicable case law, it is clear that it is far from "widely accepted" in this district that the *Twombly-Iqbal* pleading standard applies to affirmative defenses as plaintiff contends.  (Doc. 74 at 2).  The unsettled nature of this issue, together with the particular circumstances of this case, counsel against applying a heightened pleading standard to ARBA's affirmative defenses.  Instead, it is appropriate to apply to ARBA's defenses the fair notice pleading standard for affirmative defenses expressly espoused by the Sixth Circuit prior to *Twombly* and *Iqbal*.  *See Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (an affirmative defense may be pled in general terms and is sufficiently pled if it gives the plaintiff fair notice of the nature of the defense).

Defendant's first affirmative defense essentially denies plaintiff's claim that ARBA acted improperly by failing to correct his father's military records.  (Doc. 71 at 2).  The affirmative defense provides fair notice to plaintiff of the nature of ARBA's defense.  Although plaintiff alleges that he cannot engage in discovery to ascertain the facts underlying this defense because none are pled, it appears that the same facts related to the administrative decision-making process at issue are material to both plaintiff's claim for relief and ARBA's first affirmative defense.  Thus, the underlying purpose of the *Twombly-Iqbal* pleading standard, which is to eliminate the potentially high costs of discovery associated with meritless claims, will not be frustrated if the standard is not applied to ARBA's first affirmative defense.  *Cf. HCRI TRS Acquirer, LLC v. Iwer*, No. 3:09-cv-2691, 2010 WL 1704236, at *3 (N.D. Ohio April 28, 2010) (applying *Twombly-Iqbal* standard to affirmative defenses on theory that like poorly-worded

complaints, boilerplate affirmative defenses with little or no factual support can frustrate the standard's purpose of eliminating potentially high discovery costs).

As to the second affirmative defense reserving ARBA's right to raise additional defenses, a number of district courts have found that a reservation of this right through an affirmative defense is appropriate. *Peters*, No. 2:13-cv-767, 2014 WL 1049913, at *4 (citing cases). *Cf.* *Nixson*, No. 1:10-cv-00338, 2010 WL 5230867, at *2 (striking affirmative defense which stated that defendants pled "any and all other affirmative defenses . . . that may, through further discovery, be determined to be applicable to this litigation.").  The Court finds no compelling reason to strike defendant's reservation of its right to amend its answer to raise additional defenses that may become apparent as this litigation proceeds, particularly given that defendant retains this right subject to the Federal Rules and the rules of this Court even absent a reservation of the right.

For these reasons, the Court finds that the drastic remedy of striking defendant's affirmative defenses is not appropriate.

## IT IS THEREFORE ORDERED THAT:

Plaintiff's motion to strike defendant's affirmative defenses (Doc. 74) is **DENIED**.

Date: 12/10/14

Karen L. Litkovitz
United States Magistrate Judge