UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARSHALL G. HILES,
    Plaintiff,

Case No. 1:12-cv-673
Black, J.
Litkovitz, M.J.

vs.

ARMY REVIEW BOARD
AGENCY, et al.,
    Defendants.

ORDER

This matter is before the Court on plaintiff's motion to extend the briefing schedule established by the Court's January 26, 2015 Order (Doc. 90) and plaintiff's motion to require defendants to participate in mediation (Doc. 91), the federal defendants' memorandum in partial opposition to plaintiff's motions (Doc. 93), and plaintiff's reply memorandum in support of the motions (Doc. 94).

## I. Motion for extension of time (Doc. 90)

On January 26, 2015, the Court issued an Order clarifying the procedural posture of this case and establishing a briefing schedule solely on the following issue:

> [W]hether the District Court has subject matter jurisdiction over plaintiff's second claim for relief.

(Doc. 89 at 5). In the Order, the Court addressed plaintiff's request that a deadline for amendment of the complaint be established by stating:

> It is not necessary to establish a deadline for plaintiff to amend the complaint before a determination is made as to whether the District Court has subject matter jurisdiction over plaintiff's second claim.

(*Id*.). Plaintiff is now before the Court seeking a 45-day extension of time for the parties to file their briefs "concerning the issues of amending [the] complaint to address Constitutional issues

and jurisdiction." (Doc. 90 at 1). Defendants do not oppose a short continuance of the briefing schedule as requested by plaintiff, but they object to expanding the scope of the matters to be briefed because they allege plaintiff has not shown good cause for doing so. (Doc. 93 at 2).

The Court will grant plaintiff's request to extend the dates established by the Court's January 26, 2015 Order. (Doc. 89). Plaintiff is advised that in accordance with the terms of that Order, the scope of the briefs is limited to the issue of "whether the District Court has subject matter jurisdiction over plaintiff's second claim for relief." (*Id.* at 5).

### II. Motion to require defendants to participate in mediation (Doc. 91)

Plaintiff moves the Court to issue an Order requiring defendants to participate in mediation. (Doc. 91). Defendants oppose plaintiff's motion on the ground they have explored the possibility of settling this case during the more than two years it has been pending, and there are no new facts or arguments that would alter their position on settlement at this stage of the litigation. (Doc. 93 at 1). In light of defendants' representation that settlement discussions would not be beneficial, the Court will not require defendants to participate in mediation.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion to extend the dates established in the Court's briefing schedule (Doc. 90) is **GRANTED**. The following amended briefing schedule will apply:

> Parties' briefs on subject matter jurisdiction due on or before: April 30, 2015
> Parties' opposing briefs due on or before: May 21, 2015
> Parties' reply briefs due on or before: June 4, 2015

2. Plaintiff's motion to require defendants to participate in mediation (Doc. 91) is **DENIED**.

Date: 3/10/15

Karen L. Litkovitz
United States Magistrate Judge